REUBEN C. CLARK v. LEWIS TELLER, DRAIN COMMISSIONER, AND CHANDLER H. ROCKWOOD, COUNTY TREASURER.

*Drain proceedings not reviewable on appeal in chancery—Petition—Juror not a freeholder.*

The Supreme Court in chancery cannot, on appeal from the confirmation of proceedings to levy a ditch tax, place itself in the position of the constitutional jury of inquest, and judge for itself upon matters of which that tribunal had sole jurisdiction.

Equity jurisprudence does not include the exercise of eminent domain. The necessity of taking property and the ascertainment of damages are not cognizable by bill in equity brought to annul the proceedings of the proper tribunal.

Defects in a drain commissioner's proceedings, if they do not relate to the jurisdiction, and if no fraud is alleged, are not reviewable in a collateral case; and mere questions of regularity and charges of error are not reviewable on an appeal in equity from the confirmation of the proceedings.

A petition to lay out a township drain seems to be sufficiently precise if it gives the point where the ditch is to begin, the directions in which it is to run with the distances, and the point where it is to end.

Proceedings to lay out a township drain are not invalidated by the fact that a juror was not a' freeholder, if no objection was made to his sitting, and the party afterwards objecting was present, aided in striking the panel, and declared himself satisfied with it.

Objections to proceedings to lay out a township drain are not noticed if not stated in the petition for review, even though they were considered on the hearing for confirmation; nor are those which are stated, unless proved or admitted.

Appeal from Genesee. (Newton, J.) April 25.—June 13.

BILL to set aside drain commissioner's proceedings. Dismissal affirmed.

*William H. Sweet* and *William A. Clark* for complainant. Jurors in proceedings to lay out a drain are not constitutionally qualified if they are not freeholders, and jurisdiction is not obtained : *Walker v. B. & M. R. R. Co.* 3 Cush.

1; *Sharp v. Johnson* 4 Hill 92; *Sharp v. Speir* 4 Hill 76; *Striker v. Kelly* 7 Hill 25; *Doughty v. Hope* 3 Den. 595; *P. R. W. Co. v. Howard* 20 Mich. 18; nor can a want of jurisdiction over the subject matter be waived by the parties: *Moore v. Ellis* 18 Mich. 77; *Farrand v. Bentley* 6 Mich. 282; nor can jurisdiction be acquired by a false assertion of facts upon which jurisdiction depends: *Noyes v. Butler* 6 Barb. 613; *Harrington v. People* 6 Barb. 607; the objection is not waived by the right of a party to take advantage of the defect at the first opportunity but it may be raised in the appellate court for the first time: *Peninsular Ry. Co. v. Howard* 20 Mich. 26; *Richardson v. Welcome* 6 Cush. 332; *Sigourney v. Sibley* 21 Pick. 106.

*Long & Gold* and *Howard & Thayer* for defendants.

GRAVES, C. J.   A ditch tax against certain land owned by complainant was returned delinquent under the Township Drain Law of 1875, and he complained that the proceedings were marked by misconduct and grave illegalities, and threatened to be a cloud on his title.   He accordingly brought this suit in equity to set aside the proceedings and protect his property against them.   The evidence was taken in open court, and the learned judge instanter dismissed the bill, but without prejudice.

The bill is much loaded with useless matter,—with matter which in no way conduces to show the existence of a case fit for equitable cognizance.   Besides it is not quite free from scandal.

The case has been made up confessedly on the theory that a court of chancery may in this manner put itself in the very place of the constitutional inquest, and judge for itself upon all things which it was for that tribunal to dispose of.

Of course the court of chancery has no such power.   The Constitution has confided certain matters entirely to the inquest.   Moreover the necessary law of procedure has always broadly distinguished between what one jurisdiction may do collaterally with the proceedings of another, and what may be done where the second process is in the nature

of an appeal against the earlier one. The exercise of eminent domain is not a head of equity, and the necessity of taking property and the ascertainment of damages are not cognizable by bill in equity brought to annul the proceedings of the proper tribunal, and the sort of discretion possessed by the inquest cannot be revised and ruled in a case of this nature.

Nor is this a proper remedy to review questions of regularity or charges of error in the drain commissioners' proceedings not affecting the jurisdiction. Such defects are not assailable in a collateral case : and manifestly not by bill in equity resting on the ground which this one occupies. If fraud in the proceedings is alleged and pointed out, or jurisdictional defects are specified, such charges may be investigated in this way and on principles which are entirely familiar. But the jurisdiction which is here invoked is not appellate, nor of that nature, and it cannot be made use of as though it was.

The charge that the commissioner was interested, and the imputation against him of bad motives, appear to be without any foundation whatever. They ought not to have been introduced.

The claim that the original application* was void for uncertainty is not correct. The petition was sufficient to authorize the commissioner to act.

The objection that one of the jurors was not a freeholder is now immaterial. His sitting did not make the proceedings void. *Forman v. Hunter* — Iowa — (not reported) ;

---

*To the Township Drain Commissioners of the Township of Montrose:

We, the undersigned, having made application to you, the said Township Drain Commissioners, to establish and open a water-course and locate and construct a ditch or drain, as the case may be, in said township of Montrose, as follows: Here commencing at the west end of the ditch running west, between section 17 and section 20 of the township of Montrose, said ditch being at the south side of the State Road. The land required for said ditch is about 60 or 70 rods east of the northwest corner of section 20, in the township of Montrose, and then running about 15 rods south and 30 rods southwest to an outlet in the west half of the northwest quarter of section 20, in the township of Montrose, Genesee county, State of Michigan. And we respectfully pray that such proceedings may be had upon the application as the statute in that behalf requires.

MONTROSE, dated this 4th day of November, 1881.

*Green v. State of Maryland* 59 Md. 123; Cooley on Const. Lim. (2d ed.) 410. Complainant was present when the jurors were chosen. He took no exception; but on the contrary aided in striking the panel and declared himself satisfied with it. *Owners of Ship Milwaukee v. Hale* 1 Doug. (Mich.) 306; *Johr v. People* 26 Mich. 427; *Grand Rapids Booming Co. v. Jarvis* 30 Mich. 308.

The criticism on the conduct of the jury and of the commissioner when they were engaged in making the inquest, is not warranted by the facts. The evidence completely refutes it. The objection that the jury did not determine what land or whose land was to be taken, and that the verdict was consequently void, is not supported by the record. So far as appears from the case furnished to the Court, the finding was reasonably certain. There seems to have been a diagram, but the case furnished by the appellant does not contain it. The verdict refers to the venire and the two must be read together.

The complainant appealed from the inquisition or assize, and a hearing was had before a justice and six jurors, who affirmed the decision appealed from. He finds much fault with these proceedings but they are not produced and there is scarcely any evidence concerning them. It is sufficient that they are not allowed to prejudice his present case. They certainly do not aid it.

It is said that the files of the township clerk contained no authority for the supervisor to place the tax on the roll. The weight of evidence is otherwise. According to the preponderance of proof, a son of the complainant who was present at the letting of the work, influenced the bidding for the portion to be done on his father's land by threats of litigation; and to such extent that the best bona fide bid offered for that work was at $2 per rod; that in order to cause further embarrassment, he himself made a sham bid of fifty cents per rod and then refused to give the necessary security; that the commissioner thereupon, on immediate notice and pursuant to the terms of the letting, at once struck the job off to said bona fide bidder who was the next

best at said price of $2 per rod, and received from him the required security; that this was done publicly at the letting, and in the presence of young Clark. This disposes of the charges made against the honesty and justice of the letting of the work to be done on complainant's land. But it remains to add here, as matter of inference, that young Clark acted on the occasion in the interests of complainant, and that the latter has since substantially recognized it, and without disapproval.

Objections to the drain proceedings which appear to have been mooted in the course of the hearing, but which are not pointed out in the bill, and objections stated in the bill, but which are not proved nor admitted, are without influence. Many points taken are not pertinent to the office of this bill, and there are others which are plainly frivolous. For these reasons several have not been specially noticed. However it must not be imagined that all of the objections which have received special mention are regarded as proper ones in a case of this nature, or as not subject to other answers as satisfactory as those given. What has been said disposes of the case in my view of it.

I am of opinion the decree should be affirmed with costs.

COOLEY and CAMPBELL, JJ. concurred.