GEORGE T. MASON v. THE DETROIT, GRAND HAVEN & MILWAUKEE RAILWAY COMPANY.

*Municipal corporations—Drains—Jurisdiction of county commis-- sioner.*

1. 3 How. Stat. § 1740*a*8, which provides that, in case it is pro-- posed to run a part of a drain through an incorporated city,. the whole of such drain shall be located, established, and con-- structed by the county drain commissioner, the word "town- ship," wherever occurring in the drain law, being construed to mean "city," as the case may be, applies only to cases. where the drain is located partly within and partly without, the city.
2. The action of a county drain commissioner in establishing a. drain *wholly* within the corporate limits of a city, the charter- of which gives to the city complete jurisdiction over its. drainage, is void.

*Certiorari* to Shiawassee. (Wisner, J.) Argued January 12, 1895. Decided April 16, 1895.

Relator applied for *mandamus* to compel respondent to construct a culvert across its right of way to accommodate a drain claimed to have been established by relator as county drain commissioner, and respondent brings *certiorari* to review order granting the writ. Reversed, and drain proceedings quashed. The facts are stated in the opinion.

*S. F. Smith,* for relator.

*L. C. Stanley,* for respondent.

GRANT, J. The drain the validity of which is contested in this case lies wholly within the city of Owosso. It was established by the county drain commissioner under authority supposed to be conferred on him by the drain law.

Section 4 of chapter 2 of the drain law (3 How. Stat. § 1740*a*7) limits the jurisdiction of township drain commissioners to drains having their beginning, entire course, and terminus within the township. The same section provides that "the county drain commissioner shall have concurrent jurisdiction with the township drain commissioner, and shall also have jurisdiction over all other drains within his county," except in cases where other counties are interested.

. It is claimed that the authority of these commissioners to act within the cities of the State is conferred by section 5 (3 How. Stat. § 1740*a*8), which reads as follows:

"In case it is proposed to run a part of a drain through an incorporated city, the whole of such drain shall be located, established, and constructed, and the assessment for its construction made, by the county drain commissioner in the same manner as herein provided for the construction of other drains by county drain commissioners, and wherever the word 'township' is used in this act it

shall be construed to mean 'city,' as the case may be: *Provided,* that when an appeal is taken from the assessment of such commissioner by the owner of lands in a city, such appeal shall be made to the common council of such city, subject in every other respect to the provisions of this act covering appeals made to township boards."

We think that no jurisdiction to act within the territory of an incorporated city is conferred by this act upon the county commissioner, except where the proposed drain is to be located partly within the limits of such city. The expression "wherever the word 'township' is used in this act it shall be construed to mean 'city,' as the case may be," must be construed in connection with the other language of the section and the purpose designed to be accomplished. So construed, its meaning is clear, and applies only to the case previously mentioned, viz., where the drain is located partly within and partly without the city. The charter of the city of Owosso, like those of Detroit, Grand Rapids, and other cities, gives complete jurisdiction over the drainage of the city. There seems to us no sound reason in holding that the Legislature intended to confer the extraordinary power upon this officer to enter the large cities of the State, and perform the functions of local self-government, which have, from the beginning of the State, been conferred upon these municipalities themselves. The language being susceptible of another and more reasonable construction, we cannot give it this one.

The action of the commissioner was void, and the proceedings must be quashed, with costs.

The other Justices concurred.