TOWNSHIP OF SUMMIT v. CITY OF JACKSON.

MUNICIPAL CORPORATIONS—JACKSON CHARTER— HEALTH — QUARANTINE—HOSPITALS—CONTAGIOUS DISEASES—TOWNSHIPS—LOCAL SELF-GOVERNMENT.

The provisions of the charter of Jackson (Act No. 399, Local Acts 1905, tit. 9, § 4), authorizing the common council to establish a hospital for contagious diseases beyond the limits of the city, do not, in view of the general health laws (sections 4436, 4437, 4459, and 4471, 2 Comp. Laws), and the constitutional right of local self-government, authorize the city to bring patients infected with dangerous communicable diseases within a township, where it has a hospital, without first obtaining consent therefor from the proper officers of the township.

Appeal from Jackson; Parkinson, J. Submitted May 7, 1908. (Docket No. 115.) Decided September 10, 1908.

Bill by the township of Summit against the city of Jackson to enjoin the use of a hospital for the treatment of infectious diseases. From a decree dismissing the bill,

complainant appeals.   Reversed, and decree entered for complainant.

*T. E. Barkworth*, for complainant.

*John F. Henigan* and *Forrest C. Badgley*, for defendant.

McALVAY, J.   The charter of the city of Jackson, as revised by Act No. 399, Local Acts 1905, tit. 9, § 4, on the subject of public health, provides as follows:

"The council may purchase the necessary lands and erect thereon, or otherwise provide, one or more hospitals, either within or without the city limits, and provide for the appointment of the necessary officers, attendants or employés, and for the care and management thereof; and for the care and treatment therein of such sick and diseased persons as to the council or board of health of the city shall seem proper, and, by direction of the council or board of health, persons having any malignant, infectious or contagious disease may be removed to such hospital, and there detained and treated, when the public safety may so require, and the council may provide such restraints and punishments as may be necessary to prevent any such person from departing from such hospital until duly discharged."

Acting under this provision, the city council purchased certain lands without the limits of said city, and within the limits and jurisdiction of complainant township, and has used buildings already erected thereon for the treatment of patients brought from within the limits of said city into said township, affected with smallpox, "without the consent of the board of health of said township, and without the license, authority, or consent of said township or any of its officers authorized thereto." The bill of complaint in this case was filed against defendant, praying that it be permanently enjoined from the further use of said premises as a hospital for the treatment of contagious and infectious diseases, and for general relief. A temporary injunction was also asked for. Defendant answered the bill, admitting all the essential and material

charges therein contained, and justifying its action under and by virtue of the charter provision above quoted. A replication was filed, and a hearing had upon pleadings and proofs. A decree was granted and entered, dismissing the bill of complaint, with costs to the defendant. The question in the case involves the construction of the charter provision quoted. Complainant has appealed, and urges that the circuit court was mistaken in the construction put upon this statute, and asks this court to reverse the decree. Its position is stated in the brief of counsel as follows:

"The only question in the case is whether the naked power given to the city of Jackson in its charter shall be deemed subordinate or superior to the general provisions of the law regulating the public health."

The question is an important one. The same provision is contained in the general law relative to the incorporation of cities of the fourth class, and also in the charters of other cities.

Complainant contends that the act should be construed as requiring the city to obtain the consent, license, and permission of the proper township authorities, before it can maintain a smallpox or other hospital for the treatment of infectious and contagious diseases, or bring patients infected with such diseases within the limits of the township; that the charter gives but the naked right to acquire such property, and is a local enactment, and should be construed as not repealing the general health laws; and that defendant's construction would invade the general and well-recognized doctrine of local self-government uniformly applied in this State.

Defendant urges that by this charter provision the legislature has conferred upon the city a governmental function for the purposes of the preservation of the public health, and that from the provision quoted, and other provisions in the same act, a fair construction would be that the legislative intent was that the right to own a hospital site without the limits of the municipality carried

with it the right to use it for the purposes indicated, without reference to the consent or objection of the municipality in which the same might be located.    The other charter provisions referred to are:    Authority given to the council to enact all ordinances necessary to preserve the public health, to prevent the spread of contagious or other diseases, and to remove, care for, and quarantine persons infected with the same, either within or beyond the city limits; to exercise all the power of a health board, as conferred by general laws of the State, so far as the same are applicable and consistent with this act; to own or lease property, within or without the city, for cemeteries or parks; to go without the city limits for the purpose of removing obstructions from and clearing the channel of Grand river.    Defendant also contends that this power granted is not new legislation, having been embodied in the city charter since 1875.

It is admitted by defendant that this authority or power granted the municipality to acquire property outside its corporate limits is the exception and not the rule, and that the reason is that in so doing it is acting as a governmental agency, and to hold that the legislative intent in authorizing such acquisition of property was limited to the bare right to purchase or otherwise acquire would leave a municipality shorn of any means to enter upon and enjoy the property for the purposes indicated.

The general laws pertaining to the public health provide, among other things (section 4436, 2 Comp. Laws), that a township may provide quarantine ground within or without its limits, provided, if without its limits, the assent of the township within whose limits it may be established shall first be obtained.    Section 4437 provides that any two or more townships may at joint expense establish a quarantine ground for joint use, either within or without their limits, provided that, if such place shall be without their limits, they shall first obtain the assent of the township within whose limits the same may be.    By section 4471, no person affected with any communicable disease

dangerous to the public health, or corpse, or article infected shall come or be brought into any city, village, or township of this State without the special permit of the board of health or health officer, and then only under the supervision of the health officer. The general public health laws further provide (section 4459):

"The provisions of this chapter, and the amendments thereto, shall, as far as applicable, apply to all cities and villages in this State * * * excepting in cases where charters of such cities and villages contain provisions inconsistent herewith."

Is it not possible that these several provisions of the general health laws of this State and the provision of this charter under consideration, and like provisions in other charters, may be construed together as a whole, making a complete and consistent system of regulations in the interest of the public health? It is clear to us that this may be done. It is evident that the legislative intent is, and has been, to preserve to each municipality its constitutional right of local self-government, which this court has ever been careful to preserve, as will appear from its expressions upon this question in the following cases: *People, ex rel. Board of Park Com'rs*, v. *Detroit Common Council*, 28 Mich. 241; *People* v. *Hurlbut*, 24 Mich. 44; *Robertson* v. *Baxter*, 57 Mich. 130; *Attorney General* v. *Detroit Common Council*, 58 Mich. 213; *Board of Metropolitan Police* v. *Board of Auditors*, 68 Mich. 576; *Mason* v. *Railway Co.*, 104 Mich. 631.

By the general health laws townships have been authorized to acquire sites for hospitals in other townships, but the right has always been subject to the consent of the township where the hospital is to be located. Cities by their charters, and fourth class cities under the general law, have been given the naked right to acquire extraterritorial sites for contagious disease hospitals, for the reason that, without such legislation, such municipalities had no authority to do so. Nothing is said in any of these acts relative to the consent of the invaded township.

Which construction will comport with the well-established doctrine of local self-government of each municipality within its limits—the construction that a departure from the fixed policy of this State in that regard was intended, though not expressed, or that the authority to acquire hospital sites without their limits was an authority granted to cities and villages for the purpose of giving them a recognized benefit already enjoyed by townships generally, leaving such municipalities, as to the exercise and enjoyment of such benefits, subject to the provisions of section 4459, above quoted, to be governed by the general health laws in force upon the subject? Such latter construction is a reasonable one, and requires no repeal by implication. It gives full force and effect to the charter and the general laws. *People* v. *Bussell*, 59 Mich. 109. It will preserve to each municipality the provision for the prohibition of the entrance of person, corpse, or thing infected, or suspected of infection, with any dangerous communicable disease, within any municipality, without the consent and supervision of its health officials, which has been the greatest safeguard of the public health.

Our attention is called to a Canadian case, which indicates that the doctrine of local self-government obtains with our neighbors, and the case may be considered as authority supporting complainant's contention discussed earlier in this opinion. It appears that the provisons of law in force in Canada relative to the public health are similar to the provisions of sections 4436, 4437, and 4471, above cited. A bill was filed to obtain an injunction against the town of Brockville from maintaining a hospital within the limits of the township of Elizabethtown without the consent of the latter. The injunction was granted. The Chancellor said:

"Can it be supposed that this hospital situate in the township, is to be subject to the local board of health for the town? That would evade and destroy the whole system of municipal government in so far as public health is concerned. The law does not contemplate such an inva-

sion of municipal rights, unless it be by the permission of the municipality invaded, or by agreement to establish a common hospital, under section 12 of 45 Vic. chap. 29." *Township of Elizabethtown* v. *Township of Brockville,* 10 Ont. 372.

There is no express indication in our legislation relative to the public health that municipal boundaries are disregarded and other or different districts established. The cities and townships within their respective limits are, in the execution of the laws relative to the public health, exercising a governmental function or agency. There is no authority of law given to one to invade the territory of any other, and there is grave doubt whether legislation which expressly granted such authority could be upheld. It is not necessary to determine that question in this case.

We do not agree with the circuit court in his construction of this charter provision, and hold that defendant cannot bring patients infected with dangerous communicable diseases within the township, without first obtaining consent therefor from its proper officers, according to law.

The decree of the circuit court is reversed, and a decree will be entered granting complainant the relief prayed in its bill of complaint, with costs of both courts.

OSTRANDER, HOOKER, MOORE, and CARPENTER, JJ., concurred.