CHAMBERS *v.* CITY OF GRAND LEDGE.

MUNICIPAL CORPORATIONS—BRIDGES—TOWNSHIPS—JOINT MUNICIPAL CONTROL—CONSTITUTIONAL LAW.

The charter of the city of Grand Ledge provides that the bridge across Grand river in that city shall be maintained, repaired. and rebuilt, when necessary, by the city and the township in which it is located, jointly. No provision is made for the levy and collection of taxes for such purpose by the township, or for adjusting any disagreement which might arise between the municipalities. Nor does the title of the act (Act No. 322, Local Acts 1893) indicate the purpose to burden the township with the expense of maintaining the bridge. The city proceeded to construct a new bridge without requesting the township to participate. *Held*, that an injunction at the instance of a taxpayer of the city would not lie, and that the provision of the charter imposing a liability on the township is without force.

Appeal from Eaton; Smith, J. Submitted June 21, 1910. (Docket No. 21.) Decided July 14, 1910.

Bill by Lorenzo Chambers against the city of Grand

Ledge and others to enjoin the construction of a bridge. From a decree dismissing the bill, complainant appeals. Affirmed.

*Osmond H. Tower,* for complainant.

*Raymond A. Latting,* for defendants.

OSTRANDER, J.    The city of Grand Ledge, by the action of the council and of the qualified voters of the city, issued its bonds to defray the cost of a bridge over Grand river, in said city, in place of an existing bridge, and later entered into a contract for the construction of the new bridge.    The work of construction is going on—or was until this suit was begun—and something more than $15,000 of the contract price of $50,000 has been paid to the contractor.    The bill in this cause was filed by a resident qualified voter and taxpayer of the city, owning real estate therein, against the said city and the treasurer and clerk thereof, and it is charged that since the passage of Act No. 215 of the Public Acts of 1895 (1 Comp. Laws, chap. 88), the city has had no right to operate under the special charter incorporating said city in the year 1893, and is without authority under said special charter of 1893 (Act No. 322, Local Acts 1893) to construct said bridge except in conjunction with the township of Oneida, out of the territory of which the said city was carved and erected.    It is prayed that the clerk and treasurer of the city may be enjoined from issuing and paying further warrants for money in favor of said contractor.    Defendants filed a joint answer, the complainant replied.    It was stipulated by counsel that the facts are as stated in the bill and answer, and that the cause might be heard upon the pleadings.    The bill was dismissed, and the complainant has appealed.

The meritorious question, and the only one debated in this court, arises out of facts now to be stated.    In 1893 an act was passed, entitled:

"An act to incorporate the city of Grand Ledge, in the

county of Eaton, and to repeal act number two hundred and sixty of the session laws of eighteen hundred and seventy-one, and all acts amendatory thereof."

The act was ordered to take immediate effect and was approved March 27, 1893. Since that time the city has operated under the charter. The community had previously been an incorporated village. Sections 1 and 3 of chapter 17 of the city charter reads as follows:

"SECTION 1. The council shall have supervision and control of all public highways, bridges, streets, avenues, alleys, sidewalks and public grounds within the city, and shall cause the same to be kept in repair, and free from nuisance, except as herein otherwise provided: *Provided*, That the present Bridge street bridge crossing Grand river within the limits of the said city of Grand Ledge, being located in a highway leading into and through said city, and which was laid out by the commissioner of highways of the township of Oneida, shall be maintained, controlled, kept in repair, and rebuilt when necessary by the township of Oneida and the city of Grand Ledge jointly, according to the assessed valuation of the said township and city, the same as if said city were not incorporated, and all other bridges in said city shall be built, controlled and kept in repair by the said city.

"SEC. 3. The present bridge across and over the Grand river within the limits of said city, shall be maintained, kept in repair and rebuilt when necessary at the joint expense of the city of Grand Ledge and the township of Oneida *pro rata* according to the assessed valuation of said city and township, but other bridges shall be constructed and kept in repair at the expense of the city."

The bridge in question is the bridge mentioned in these sections of the charter, is unsafe, is the only way for public traffic across Grand river for many miles in either direction, and is between the business portion of the city and the railroad station. The river divides, or did divide when the charter was enacted, the two wards of the city. The city is proceeding alone to rebuild it and proposes to pay the entire expense thereof. It does not appear that the township was requested to join the city in rebuilding the bridge.

The city contends:

*First.* That if the provisions of the charter which have been referred to are given any effect the law will embrace more than one object.

*Second.* That as the charter makes no further or other reference to the subject the provision for joint liability of the city and township is wholly inoperative.

*Third.* That these provisions may be eliminated, and the charter will remain a valid and effective law.

The legislation is most singular and can be accounted for only by supposing that it was understood that the particular bridge had greatly served and would continue to serve the inhabitants of the township, which is divided by the river, as distinguished from the inhabitants of the city, and that it would be only fair that they should contribute to its maintenance and to its rebuilding. Whatever the reason which prompted the legislation may have been, it is manifest that the law is not only incomplete, but that the purpose which is expressed involves, and would involve, under any method for carrying it into effect, the levy and collection of taxes in the township of Oneida. The law is not complete because it does not specify in what manner joint control of the bridge by two distinct municipalities may be exercised, nor upon what initiative, in case of disagreement as to necessity for or the form or cost of repairs or replacement, such repairs or replacement may be effected and contribution to the expense thereof compelled. In what way, for example, may the township authorities discharge the duty to keep the bridge in repair? See *Township of Summit* v. *City of Jackson,* 154 Mich. 37 (117 N. W. 545). Indeed, unless the charter provision is held to expressly confer the power upon the township of Oneida to levy taxes to maintain a structure erected in another municipality, and subject, in part at least, to the control of another municipality, there is no power to levy taxes, or to disburse the money of the township, to maintain or to replace this bridge. There are insuperable difficulties in the way of working out the

apparent legislative purpose, in the absence of a legislative method.

Does the act embrace more than one object? Almost any provision germane to the purposes of community government, and not prohibited by the Constitution, may be proper in an act to incorporate a city. But there is no apparent connection between the subject of erecting a city and the one of burdening a township in the same or some other county. The inhabitants of Oneida township would not be apt to read the charter of the city of Grand Ledge to discover the purposes for which township taxes might be laid, or to learn what duties were imposed by law upon the township officers. What was said by this court in *Wilcox* v. *Paddock*, 65 Mich. 23, 28 (31 N. W. 609), is applicable.

In *City of Lansing* v. *Board of State Auditors*, 111 Mich. 327 (69 N. W. 723), it appeared that in an act to reincorporate the city of Lansing there was a provision which required the city to afford fire and police protection to property owned by the State, etc., and that the State board of auditors should allow the city a sum of money therefor, to be ascertained in a manner pointed out. It was held that this provision of the charter was without force because no such object was expressed in the title of the act. The reasoning of the majority of the Justices is applicable here. And in this case, as in that, the provision may be wholly eliminated and the act sustained. We find no want of power on the part of the city of Grand Ledge to build bridges over Grand river, and have no doubt that it might, if necessity required it, construct the identical bridge by the side of the bridge referred to in the act of incorporation.

The decree of the court below is. affirmed, but without costs to either party.

BIRD, C. J., and HOOKER, BLAIR, and STONE, JJ., concurred.