FULLER *v.* COCKERILL.

1. DRAINS—SEWERS—VILLAGES—POWER TO CONSTRUCT DRAIN.
   Where village council, by Act No. 262, Session Laws 1873, is given power to construct sewers and drains, and also same power is conferred on villages by Act No. 3, Pub. Acts 1895, chap. 7, § 24, "local drain board," created by Act No. 462, Local Acts 1907, and consisting of county superintendent of drains, supervisor, and highway commissioner, is without power to construct "sewer drain" located wholly within village limits.

2. SAME—EQUITY—JURISDICTION—INJUNCTION—CERTIORARI.
   Where "local drain board," created by Act No. 462, Local Acts 1907, is wholly without authority to construct "sewer drain" located wholly within village limits, equity court has jurisdiction to restrain construction (bids having been advertised for) at suit of property owners, over objection that their remedy, if any, is by certiorari.

Appeal from Muskegon; Miles (Fred T.), J., presiding. Submitted October 13, 1931. (Docket No. 92, Calendar No. 35,517.) Decided January 4, 1932.

Bill by Russell B. Fuller and others against Ernest R. Cockerill, county drain commissioner, and others to enjoin construction of a drain wholly within the village of Whitehall. Decree for plaintiffs. Defendants appeal. Affirmed.

*Cross, Foote & Sessions,* for plaintiffs.

*Joseph F. Sanford,* for defendant Cockerill.

*Galpin, Smedley & Dunn,* for other defendants.

NORTH, J. This is a suit in equity to enjoin the superintendent of drains of Muskegon county from proceeding with the construction of a "sewer

drain" wholly within the village of Whitehall, located in Whitehall township in Muskegon county. Plaintiffs are the owners of property in the village of Whitehall which will be assessed for benefits. They claim relief on the ground that the Muskegon county superintendent of drains is without authority to construct a sewer drain located wholly within the limits of the village of Whitehall; asserting that such authority is vested in the village council by its charter as well as by the statute providing for the incorporation of villages in this State. The relief sought by plaintiffs was decreed, and defendants, consisting of the drain commissioner and other officials acting with him in the construction of this drain, have appealed.

Appellants contend, first, that the drain commissioner is vested with authority to construct the drain in question; and, secondly, that plaintiffs' remedy, if any, was on the law side of the court by certiorari, and that the equity court is without jurisdiction in this matter.

The office of the superintendent of drains of Muskegon county was created by Act No. 462, Local Acts 1907. The superintendent together with the supervisor and highway commissioner of each township are constituted a "local drain board" (section 3) ; and the superintendent by this act is charged with the same duties and given the same powers as are conferred by the general statute upon county drain commissioners (section 5). It is appellants' contention that the village of Whitehall is still a part of the township, and therefore by virtue of the local act the superintendent of drains together with the other two members of the local drain board have authority to construct a drain even though wholly located within the village. On the other hand, appellees contend that the "local drain board" has no

authority to act in the construction of the drain wholly located within the village of Whitehall, because, by Act No. 262 of the Session Laws of 1873, pp. 1088, 1098, the common council of the village of Whitehall is given power "to construct sewers, drains, * * · * and to make such other public improvements as may conduce to the general good and prosperity of said village;" and by section 20 of Act No. 262 the council is empowered to assess and levy by special tax the "expense * * * of making drains and sewers and other local improvements." Also by Act No. 3, Pub. Acts 1895, § 24, chap. 7 (1 Comp. Laws 1929, § 1572), it is provided: "The council of any village may establish, construct and maintain sewers, drains and watercourses whenever and wherever necessary. * * * But in all cases where the council shall deem it practicable, such sewer, drain and watercourses shall be constructed in the public streets and grounds." And Act No. 278, Pub. Acts 1921 (1 Comp. Laws 1929, § 1573), provides that the expense of constructing such sewers, drains, etc., may be paid by general tax upon all taxable property in the village or may be defrayed in whole or in part by special assessments upon the lands and premises benefited thereby in proportion to such benefits.

In view of the legislative enactments upon which plaintiffs rely, the authority of the village council to construct drains and sewers cannot be questioned. It would, indeed, be anomalous if, as would follow from defendants' contention, there were two wholly independent bodies of public officials vested with full authority to act in this same field. Were this true, obviously conflicting factions might impose upon a village two systems of sewers, or there might be radically conflicting action in drainage matters. An intolerable situation would result. The fair,

reasonable, and necessary construction of these respective statutory provisions is that the village council has exclusive control of the matter of constructing drains and sewers located wholly within the village boundaries. A holding of this character will be found in *City of Detroit* v. *Corey,* 9 Mich. 165 (80 Am. Dec. 78), wherein this court said:

"The power conferred upon the city of Detroit to construct sewers under public streets, is not a power given to the city for governmental purposes, or a public municipal duty imposed on the city, like that to keep its streets in repair, or the like, but a special legislative grant to the city for private purposes. The sewers of the city, like its works for supplying the city with water, are the private property of the city; the corporation and its corporators—its citizens—are alone interested in them; the outside public, or people of the State at large, have no interest in them, as they have in the streets of the city, which are public highways." (Syllabus.)

Also in a later case we held:

"The action of a county drain commissioner in establishing a drain wholly within the corporate limits of a city, the charter of which gives to the city complete jurisdiction over its drainage, is void." *Mason* v. *Railway Co.,* 104 Mich. 631 (syllabus).

See, also, *Gunther* v. *County Road Com'rs,* 225 Mich. 619.

The recent case of *Warren Township* v. *Engelbrecht,* 251 Mich. 608, which is referred to in the briefs, does not cover the point here involved because the lands there sought to be assessed were not within the boundaries of any city or village. We think the circuit judge was right in holding defendants were wholly without authority to construct the drain in question.

Notwithstanding the claim of appeal herein was filed prior to the adoption of the 1931 court rules,

we are not in accord with appellants' contention that the court of equity is without jurisdiction, and that the sole remedy of plaintiffs, if any, is on the law side of the court by certiorari. Touching this question, appellants quote *Township of Clarence* v. *Dickinson,* 151 Mich. 270, wherein it is held: ''The lack of jurisdiction which will warrant relief in equity must arise from a violation of the Constitution.'' Appellants assert that there is nothing in this proceeding which violates a constitutional right of plaintiffs. In this we cannot agree. If, as we hold, defendants were wholly without authority to lay this drain, the ultimate result of assessment of benefits and the collection from plaintiffs of the drain tax would be to deprive them of their property without due process of any sort. This drain proceeding had progressed to the point where the superintendent of drains had advertised for bids for construction. It may be conceded that if the issue or issues raised by plaintiffs had to do merely with matters of irregularity relative to such proceeding the sole remedy under the statute would be by appeal in the nature of certiorari; but where the officials acting in the drain proceeding are wholly without jurisdiction or authority to act, the proceeding is void, and equity has power to restrain.

''If fraud in the proceedings is alleged and pointed out, or jurisdictional defects are specified, such charges may be investigated'' in equity. *Hudlemyer* v. *Dickinson,* 143 Mich. 250, citing *Clark* v. *Drain Com'r,* 50 Mich. 618, 620.

See, also, *Corning* v. *Potter,* 171 Mich. 690.

The decree of the circuit court is affirmed, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.